## NELLIE F. VAINAS vs. BOARD OF APPEALS OF LYNN & another.

Essex.    April 10, 1958. — May 19, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE & CUTTER, JJ.

*Zoning. Equity Pleading and Practice,* Zoning appeal, Parties, Findings by judge.

The owner of property located close to and in the same zoning district of a city as other property with respect to which the board of appeals granted a variance from the zoning ordinance was a "person aggrieved" by the board's decision within the purview of G. L. c. 40A, § 21, even though his property did not conform to the zoning ordinance. [594]

In a suit in equity in the Superior Court by way of an appeal under G. L. c. 40A, § 21, from a decision of a zoning board of appeals granting a variance authorizing a sloping roof of a building to be raised sufficiently to permit use of space below for a bedroom and closet as an addition to an existing apartment, a decree annulling the decision of the board must be affirmed where the judge concluded that there were "no conditions especially affecting" the property in question .which would involve "substantial hardship" to the owner by reason of a literal enforcement of the zoning ordinance, and the evidence was not reported and there were no subsidiary findings inconsistent with the judge's conclusion. [594]

BILL IN EQUITY, filed in the Superior Court on November 5, 1956.

The suit was heard by *Quirico,* J.

*Henry P. Lesburt,* for the intervener.

*Charles H. Ingram,* for the board of appeals of Lynn.

*Israel Bloch,* for the plaintiff.

SPALDING, J.    This is a bill in equity under G. L. c. 40A, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of the board of appeals of the city of Lynn granting a variance.    The bill is brought by an owner of property located close to the property in question and in the same district.    The judge made careful and detailed findings of material facts and ordered the entry of a decree that the

decision of the board of appeals was in excess of its authority and that it be annulled. From a decree in accordance with this order the defendants (the board of appeals and the owner of the property involved) appealed. The evidence is not reported.

We summarize the relevant facts as follows: The defendant Musalos Chepsys (hereinafter called the owner) owns a two and one half story building at 108–108½ South Common Street in Lynn. It was built sixty or more years ago as a two family dwelling. In 1926, when the zoning ordinance was enacted, the first floor was being used for commercial purposes; the second floor and the third floor (the latter consisting of two rooms) were used for residential purposes. Under the zoning ordinance the property was in an "Apartment House District" which permitted single and multiple dwellings and certain other uses not here material.

In the following respects the property did not comply with the zoning ordinance: the commercial use on the first floor; the setback from the street was less than the ordinance required; the building covered more than the permitted percentage of the lot area; and it lacked the required side yard and rear yard of nine feet and fifteen feet, respectively, at certain points. Hence in these respects the use and condition of the property were nonconforming and this situation still obtains except in so far as additional nonconforming alterations were permitted by a variance granted in 1950. Under this variance permission was granted (a) to eliminate a jog on the easterly wall, (b) to extend the front wall to the sidewalk line, and (c) to change the easterly side slope of the gable roof so as to permit an apartment (consisting of kitchen, parlor, bedroom, bathroom and closets) on the third floor. Since the granting of the variance in 1950, the first floor has been used for a laundry and a restaurant, and, more recently, the portion used for a restaurant has been used for cleansing clothes; the second and third floors have been used for residential purposes, there being two apartments on the second floor and one on the third.

In March, 1956, the owner applied to the building in-

spector for a permit to "change the westerly slope of the gable roof . . . substantially as he had previously changed the easterly half of the roof." The floor space would not be changed, but "by raising the roof it would permit the use of some space for a bedroom, and some space for a closet, which space could not be so used previously because of the sloping westerly half of the gable roof." The permit was refused by the building inspector and his action was upheld by the board of appeals, the board being of opinion that "desirable relief could not be granted without substantial detriment to the public good."

Subsequently, in September, 1956, the owner again applied to the building inspector for a permit to make substantially the same alterations as he had sought previously, and again the permit was refused. There was an appeal by the owner to the board of appeals and the board after a hearing rendered a decision granting the variance. It is this variance which is the subject of the present appeal.

Surrounding the owner's premises there are many three story multiple family buildings. Some of them are nonconforming in that they are used for commercial purposes; others fail to conform to setback and yard requirements. If the apartment on the third floor of the owner's building had two bedrooms instead of one, and windows on its westerly side (a result which the variance in question seeks to accomplish) the apartment would be easier to rent and would rent for a higher price.

The judge concluded that the relief sought by the variance "may be granted without substantially derogating from the intent or purpose of the . . . [zoning] ordinance." But he further concluded that there are "no conditions especially affecting the owner's . . . [property] but not affecting generally the zoning district . . . which would involve substantial hardship to the owner by reason [of] a literal enforcement of the . . . ordinance."[1]

---

[1] The judge added that the granting of the variance "might be financially more beneficial to the owner" but that the amount of any financial hardship which the owner would suffer by the denial of the variance "would not be substantial."

There was no error.

The contention of the defendants that the plaintiff (who owns property close to and in the same district as that for which the variance is sought) was not a person aggrieved within the purview of G. L. c. 40A, § 21, is without merit. And this is none the less so because the plaintiff's property is likewise nonconforming. *Reynolds* v. *Board of Appeals of Springfield*, 335 Mass. 464, 470.

Since the result will be the same we do not pause to consider the plaintiff's contention that the owner's appeal from the action of the building inspector to the board of appeals did not comply with the requirements of G. L. c. 40A, § 16, and pass to the merits. The finding of the trial judge that the owner has not suffered "substantial hardship" within the meaning of G. L. c. 40A, § 15, is fatal to the defendants' case. *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 450. This finding comes to us on a record in which there is no report of evidence; nor are there any subsidiary findings that are inconsistent with this finding. Accordingly, it must be accepted as true. *Mioduszewski* v. *Saugus, ante*, 140, 146.

*Decree affirmed.*