DAMON E. CUMMINGS & others[1] *vs.* CITY COUNCIL OF GLOUCESTER & others.[2]

No. 89-P-762.

Essex. January 9, 1990. - March 7, 1990.

Present: BROWN, SMITH, & FINE, JJ.

*Practice, Civil,* Appeal, Standing, Zoning appeal. *Rules of Appellate Procedure. Zoning,* Special permit. *Gloucester.*

The court announced that in future cases a notice of appeal filed under Mass. R.A.P. 3 (c) must actually name the party or parties taking the appeal, and the words "et al." appearing on a notice of appeal will be insufficient to bring an appellant before the court. [347-349]

The judge in an action under G. L. c. 40A, § 17, incorrectly dismissed for the plaintiff's lack of standing as a "person aggrieved" a claim challenging the grant of a special permit, where the plaintiff, an abutter alleging that the proposed project would be in violation of the applicable setback requirements, demonstrated the tangible harm to its property interest required under the statute. [349-350]

The judge in an action under G. L. c. 40, § 17, challenging a municipality's grant of a special permit, correctly allowed the defendant's motion for summary judgment on one claim, where the plaintiff made no showing that the permit granting authority did not comply with the special permit procedures and guidelines set out in the zoning ordinance or had otherwise acted arbitrarily or beyond its authority. [350-351]

The judge in an action under G. L. c. 40, § 17, challenging a municipality's grant of a special permit for construction of a shopping center incorrectly ordered summary judgment for the defendants on one claim, where the parties were in dispute as to the material question of fact whether the permit granting authority had considered twelve factors set out in the zoning ordinance specifically applicable to shopping centers. [351-352]

---

[1]Cummings was one of the original plaintiffs along with ten others who claimed to be persons aggrieved within the meaning of G. L. c. 40A, § 17. Gloucester House Restaurant, Inc., is the only plaintiff involved in this appeal.

[2]Gloucester Landing Associates Limited Partnership and the Gloucester Redevelopment Authority.

CIVIL ACTION commenced in the Superior Court Department on July 8, 1986.

The case was heard by *J. Harold Flannery*, J., on a motion for summary judgment.

*Cynthia L. Amara* for the plaintiffs.

*H. Glenn Alberich* (*Alice E. Moore* with him) for Gloucester Landing Associates.

*Margaret M. Nelson*, Assistant General Counsel, for City Council of Gloucester & another, was present but did not argue.

FINE, J. Various parties brought a timely action under G. L. c. 40A, § 17, challenging the grant of a special permit by the Gloucester city council for construction of a shopping center. The defendants, the developer and the municipality, moved to dismiss the complaint or, in the alternative, for summary judgment, on the grounds that none of the named plaintiffs was "aggrieved" within the meaning of G. L. c. 40A, § 17, and that the complaint failed adequately to state a claim. After the defendants' motion was filed, the plaintiffs moved to amend their complaint by adding a new plaintiff, Gloucester House Restaurant, Inc. (Gloucester House), alleged to be an abutter to the subject property. The motions were heard together. The judge allowed the motion to add Gloucester House as a plaintiff, even though the motion was filed more than twenty days after the decision granting the special permit had been rendered and Gloucester House would have been barred from bringing its own action for judicial review by the twenty-day limitation period in G. L. c. 40A, § 17. See *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 627 (1977).[3] As matters outside the pleadings were considered in connection with the defendants' motion to dismiss the complaint, it was treated, at least as to the aggrieved status of the original plaintiffs and the merits of the second and third counts of the complaint, as a motion for summary judgment. The judge concluded that none of the original plaintiffs was an ag-

---

[3]The defendants have not appealed from the allowance of the motion to amend the complaint.

grieved person. He concluded, further, that the defendants were entitled to summary judgment on the merits of the second and third counts of the complaint. And, finally, he dismissed the first count of the complaint, concluding, on the basis of the allegations, that Gloucester House was not a person aggrieved.

1. *The validity of the appeal.* Massachusetts R.A.P. 3(c), as amended, 378 Mass. 927 (1979), requires that a notice of appeal "specify the party or parties taking the appeal . . . ." In both the caption and the body of the notice of appeal filed in this case, the appellants are referred to as "Damon E. Cummings, et al." Unless it is by virtue of the use of the term "et al.," Gloucester House is not specified in the notice of appeal. Gloucester House, however, is the only party actually appealing.

Relying on *Torres* v. *Oakland Scavenger Co.,* 487 U.S. 312 (1988), the defendants contend that this court lacks jurisdiction to consider Gloucester House's appeal. In the *Torres* case, the United States Supreme Court held that the term "et al." does not satisfy the specificity requirement of Fed.R.A.P. 3(c), and, unless an appellant is actually named in the notice of appeal, jurisdiction over that party's appeal is lacking. This is so, according to the opinion, even if the appellee suffers no prejudice as a result of the omission. The result has been described as "harsh." *Id.* at 324 (Brennan, J., dissenting). *Appeal of Dist. of Columbia Nurses' Assn.,* 854 F.2d 1448, 1451 (D.C. Cir. 1988) (Mikva, J., concurring), cert. denied, 491 U.S. 906 (1989). Nevertheless, even before the *Torres* decision, Fed.R.A.P. 3(c) was similarly interpreted in several circuits. See *Van Hoose* v. *Eidson,* 450 F.2d 746, 747 (6th Cir. 1971); *Covington* v. *Allsbrook,* 636 F.2d 63, 64 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981); *Farley Transp. Co.* v. *Santa Fe Trail Transp. Co.,* 778 F.2d 1365, 1368-1370 (9th Cir. 1985). The Federal circuits, however, were split on the issue. Compare *Williams* v. *Frey,* 551 F.2d 932, 934 n.1 (3d Cir. 1977); *Harrison* v. *United States,* 715 F.2d 1311, 1312-1313 (8th Cir. 1983); *Ayres*

v. *Sears, Roebuck & Co.*, 789 F.2d 1173, 1177 (5th Cir. 1986).

The relevant language of the Federal rule and the Massachusetts rule are identical. Absent compelling reasons to the contrary, we construe our rules consistently with the construction given to their Federal counterparts. See *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). See also *University Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 396 Mass. 533, 537 n.3 (1986); *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 800 (1987); *Orion Ins. Co. PLC* v. *Shenker*, 23 Mass. App. Ct. 754, 756 (1987). It is true that, apart from the particular language of rule 3(c), there are differences between the Federal appellate rules and ours, and the Supreme Court based the *Torres* decision, in part, on Federal rules which differ from ours. In particular, pursuant to Fed.R.A.P. 26(b), the time prescribed for filing notice of an appeal under Fed.R.A.P. 4 may not be extended. The Massachusetts Rules of Appellate Procedure are more generous with regard to extending the period during which notice of an appeal may be filed. Under the Massachusetts rules, a trial court may extend the thirty-day period allowed for filing notice of an appeal for an additional thirty days (Mass.R.A.P. 4[c], as amended, 378 Mass. 929 [1979]), and an appellate court may, for good cause shown, extend the period for filing notice of an appeal for up to one year from entry of the judgment or order to be reviewed (Mass.R.A.P. 14[b], as amended, 378 Mass. 939 [1979]). Within that year, a party whose name was incorrectly omitted from a notice of appeal may obtain relief from an appellate court upon a showing of good cause, including an indication that he is raising a substantial appellate issue. See *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975). Those more generous limits, however, like the thirty-day limit in Fed.R.A.P. 4, are jurisdictional.

The greater flexibility in our rules, instead of justifying a looser interpretation of the language of rule 3(c), seems to us to argue in favor of adoption of the *Torres* interpretation.

This is because the result of following the rule literally is less harsh, given the flexibility in our rules, than is the result of its application in Federal courts.

In future cases, we shall follow the Federal courts and apply rule 3(c) consistent with their interpretation. The *Torres* decision is consistent with the plain language of our appellate rule 3(c). In multi-party litigation, such as in the present case, it will benefit the court as well as the appellees if notices of appeal specify each party taking an appeal. We choose, however, not to dismiss the appeal in the present case. The one-year period during which this court may allow a notice of appeal to be filed has not yet run. Although Gloucester House has not directly sought leave to file a notice of appeal in proper form, we anticipate that it would do so within the one-year period if we were to dismiss this appeal. It is of some significance also that there is no previous Massachusetts decision, of which we are aware, announcing that the use of "et al." in a notice of appeal is insufficient to bring an appellant before the court, and that, before *Torres*, there was a split of authority in the Federal courts on the issue. Further, the case was fully briefed by Gloucester House before the issue was first raised in the appellees' brief. And, finally, we find some merit to the appeal, which relates to a proposed project likely to have significant impact on Gloucester.

2. *The merits of the appeal.*

a. *The dismissal of the first count of the amended complaint.* The motion judge allowed the defendants' motion to dismiss the first count of the amended complaint on the ground that Gloucester House was not a "person aggrieved" by the city council's decision to grant the special permit. See G. L. c. 40A, § 17, as appearing in St. 1982, c. 533, § 1. In order to be deemed a "person aggrieved," within the meaning of the statute, one must demonstrate that his legal rights have been infringed. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430 (1949); *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 214 (1975).

Although Gloucester House might well fear that construction of the shopping center would result in an increase in business competition, such fear, by itself, would not cause it to be "aggrieved." See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. at 430; *Redstone* v. *Board of Appeals of Chelmsford*, 11 Mass. App. Ct. 383, 385 (1981). Gloucester House, however, has alleged more than harm from increased business competition. It has alleged that it is an abutter and that the proposed project will be built in violation of the side yard setback requirement applicable to the project.[4]

A judge should deny a motion to dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). See *Quimby* v. *Zoning Bd. of Appeals of Arlington*, 19 Mass. App. Ct. 1005, 1006 & n.2 (1985). The term "person aggrieved" is not to be narrowly construed. *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 204 (1957). If Gloucester House is able to prove its allegation with respect to the side yard setback requirement, it might be able to demonstrate, in the circumstances of this case, the type of "tangible harm" to its property interest (*Owens* v. *Board of Appeals of Belmont*, 11 Mass. App. Ct. 994, 995 [1981]) that is required for standing. Cf. *Redstone* v. *Board of Appeals of Chelmsford*, 11 Mass. App. Ct. at 383. Thus, the judge's decision to dismiss the complaint due to lack of standing was erroneous.

b. *Summary judgment on the third count of the amended complaint.* In the third count of its amended complaint, Gloucester House alleges that the city council failed to comply with § 1.4.2.2(e) of the Gloucester zoning ordinance in rendering its decision to grant the special permit. In allowing the defendants' motion for summary judgment, the judge de-

---

[4]In the I-1 district in which the parcel appears, the minimum side yard setback is 7½ feet, plus an additional foot for each foot by which the building height exceeds 20 feet.

scribed the requirements of § 1.4.2.2(e) as "hortatory guide-lines," which placed no mandatory obligations upon the city council. Rather than being merely "hortatory guidelines," however, the provisions of § 1.4.2.2(e) of the ordinance ex-plicitly require the city council, prior to issuing a special per-mit, to make a "determination that the proposed use will not have adverse effects which overbalance its beneficial effects on either the neighborhood or the City, in view of the partic-ular characteristics of the site and the proposal in relation to the site." The section goes on to enumerate six specific fac-tors which the city council's determination "shall cite [as] considerations . . . ."

The written decision of the city council reveals on its face that the required determination was made and that consider-ation was given to each of the six specified factors. While Gloucester House argues that the city council made the wrong decision when it determined that the benefits of the project would outweigh its detriments, the ordinance is silent as to the weight to be given to any particular factor, and a court may not substitute its judgment for that of the city council. The only question is whether the city council acted arbitrarily or beyond its authority. Compare *Subaru of New England, Inc.* v. *Board of Appeals of Canton,* 8 Mass. App. Ct. 483, 486-488 (1979). Gloucester House has made no such showing. The judge did not err, therefore, in allowing the defendants' motion for summary judgment on the third count.

c. *Summary judgment on the second count of the amended complaint.* Gloucester House alleges in the second count that the city council failed to comply with § 5.7.5(f) of the ordinance, relating specifically to special permits for shopping centers. That section lists twelve "criteria" which "shall apply to shopping centers" which are also to be con-sidered as "guidelines" by the city council. The "criteria" are very detailed. The ordinance is silent, however, as to the manner in which the specified factors are to be employed or the weight to be assigned to each. It is not clear from the city council's written decision, or from anything else in the

record before us, that the city council considered the criteria enumerated in § 5.7.5(f).[5] The motion judge ruled that § 5.7.5(f) set forth only "hortatory guidelines," and allowed the defendants' motion for summary judgment. The provisions may be "hortatory guidelines" in the sense that the city council has discretion to determine the weight to be given the various criteria, but we think the city council was obliged, at least, to consider each of them before reaching a decision. As the parties are in dispute as to the material question of fact whether the twelve factors were considered, the judge erred in granting summary judgment.

*Judgment on counts one and two reversed.*

*Judgment on count three affirmed.*

---

[5]The decision of the city council mentions that the Gloucester planning board filed an advisory report with the city council prior to its decision on the special permit application. According to § 5.7.4 of the ordinance, this report should have contained a review of the special permit criteria listed in § 5.7.5(f). However, the report was not before the judge on summary judgment, nor is it part of the record on appeal.