Toomey, J.
INTRODUCTION
This matter is before the court for G.L.c. 40A judicial review of a decision of the defendant Planning Board (“Board”) of the Town of Hubbardston (“Town”). Plaintiffs, unhappy that the Board had allowed defendant Pitcherville a special permit to expand an existing sand and gravel operation to a third parcel in a “residential/agricultural” zoning district, appealed the Board’s decision to this court. Plaintiff operates another sand and gravel business in the same district. .The appeal was heard over six days in March and April 2001.
BACKGROUND
In its application for a special permit, Pitcherville had represented to the Board that the “same logging road that has been used since 1989 would be the access road” to the third parcel. A road, known as the Cart Road, runs north from Pitcherville Road, through parcels owned by the Town, the plaintiffs and an individual named Gerald Piette.
In or about 1995, Piette excavated below the Cart Road on his property, making the Cart Road inaccessible for both Pitcherville and the plaintiffs. At that time, plaintiffs constructed an alternative access road which ran through both Town-owned property and one of plaintiffs parcels. Plaintiffs agreed to allow Pitcherville to use the alternative access road temporarily for access to its existing sand and gravel operation. Pitcherville intended to build its own road to connect to the Cart Road and thus give itself access to its third parcel. To effect its plan, Pitcherville sought permission from the Town to open such an access road through a Town-owned parcel abutting Pitcherville’s third parcel. The Town denied Pitcherville’s request.[3]
Pitcherville next sought the relief which has spawned this appeal. In an application to the Hubbardston Planning Board for a special permit to expand its sand and gravel operation into the third parcel, Pitcherville represented that it would obtain access to the third parcel by means of an easement over the alternative access road. The permit was approved and Pitcherville began using the alternative access road through plaintiff s property for access to the third parcel. Plaintiffs challenge the Board’s issuance of a special permit on a number of grounds; principal among them is plaintiffs allegation that Pitcherville has no valid easement over plaintiff s property to reach the third parcel via the alternative access road.
DISCUSSION
Plaintiffs seek judicial review of the Planning Board’s decision, arguing, inter alia, that the Board erred as a matter of law in failing to find that expansion of Pitcherville’s non-conforming use “will not be substantially more detrimental to the neighborhood than is the existing non-conforming use”[4] and that Pitcherville’s use of the alternative access road interferes with plaintiffs’ ability to use their property as they wish. We need not, however, reach the substantive issues raised by plaintiffs because this suit is resolved by plaintiffs’ lack of standing to challenge, in this forum, the Board’s decision.
Pitcherville has contended throughout these proceedings that plaintiffs have no standing to appeal the Board’s decision. That contention has not fared well in its earlier incarnations. Defendants’ motion for summary judgment on the issue of standing was denied by this court (Donohue, J.) on June 11, 1999 and defendants’ subsequent motion to bifurcate the trial to resolve the issue of standing was denied by this court (Donohue, J.) on April 18, 2000.[5]
Under G.L.c. 40A, §17, this court has no jurisdiction to hear an appeal of a decision of a zoning board *461 of appeals unless the plaintiff is a “person aggrieved” by the decision.[6] As an immediate abutter of defendant's property, “plaintiff would ordinarily have the benefit of a presumption that it was an aggrieved party.” Sherrill House v. Bd. of Appeal of Boston, 19 Mass.App.Ct. 274, 275-76 (1985). At bar, because the court heard the entire case on the merits, the issue of standing must be decided “on the basis of all the evidence with no benefit to the plaintiffs from the presumption as such.” Id., quoting Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957).
The instant question is whether plaintiff has standing to appeal the Board’s decision that, in the Board’s view, permitting Pitcherville to expand its sand and gravel operation to a third lot in an agricultural/residential district was not substantially more detrimental to the neighborhood than Pitcherville’s prior two-parcel non-conforming use. To prevail, plaintiffs must show that they have a legitimate zoning interest in whether Pitcherville’s use of a third site for its sand and gravel operation will detract from the agricultural/residential character of the neighborhood.[7]
A commercial user of property in a residential district ordinarily has no standing to challenge the proposed commercial use of an abutting parcel. Sherrill House, supra, 19 Mass.App.Ct. at 275-76. In Sherrill House, the Court recognized that a commercial user operating a nursing home under a prior nonconforming use lacked standing to challenge the proposed change in use of an abutting parcel from a hospital to a correctional facility. The Court held that, even though the commercial user had “more than a general civic interest and might incur tangible harm as the result of the maintenance of a correctional facility next door,” the commercial user had “no legitimate interest in preserving” the residential integrity of the district. Id. at 276, citing Circle Lounge and Grill, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 432-33 (1949). The Court noted that even a business operating in a business district lacks standing to challenge a variance for a similar business to be located in a nearby residential district. Sherrill House at 276. “The residence zone was designed to protect residence against business. It was not designed to protect business against business." Id.
The case law is clear that, absent special circumstances, a business does not have standing to appeal a zoning decision if the business appeals merely to avoid the expansion of a competing business in the neighborhood. See Cummings v. City Council of Gloucester, 28 Mass.App.Ct. 345, 350 (1990). At bar, where plaintiffs operate a competing commercial operation in a residential/agricultural zone, there is no evidence of such special circumstances.
One exception to the general rule that commercial establishments lack standing to challenge other commercial uses in a residential zone has been found where the owner of a partially or minimally nonconforming commercial property in a residential zone also uses the property for some residential purpose. See Vainas v. Board of Appeals of Lynn, 337 Mass. 591, 593-94 (1958). See also Rafferty v. Santa Maria Hospital, 5 Mass.App.Ct. 624, 628 (1977) (abutter who owned real estate and resided in district where hospital was to be built had “legitimate interest in preserving the [residential] integrity of the neighborhood”). The Vainas /Rafferty exception does not apply at bar, however, because plaintiffs do not use their property for any residential purpose.
Another exception has been found where a competing business demonstrates that the alleged harm to its property is legitimately within the protective scope of the zoning laws. In Cummings, supra, 28 Mass.App.Ct. at 350, the Appeals Court reversed a lower court decision dismissing plaintiffs complaint for lack of standing. In Cummings, the Court held that, as an abutter, plaintiff might be able to demonstrate that violation of the setback requirement for a proposed shopping development would create the type of “tangible harm” to his property interests that is required for standing. Id., quoting Owens v. Board of Appeals of Belmont, 11 Mass.App.Ct. 994, 995 (1981). See also Marshalian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 722 (1996) (where proposed use as hotel would result in increased traffic and decreased parking availability, abutter in more restrictive zoning district had “legitimate interest in protecting his residential and retail tenants . . . from any increased traffic and congestion”). Similarly, where a commercial abutter could barely see the portion of a competitor’s side yard that was subject to the granted variance, the Appeals Court stated that “it is hard to imagine what infringement of their legal rights.the plaintiffs, who used their estates for business purposes, could conjure up from the varying of a by-law provision designed to protect persons who use their property for residential purposes.” Redstone v. Board of Appeals of Chelmsford, 11 Mass. App. 383, 385 (1981).
At bar, there is no evidence that plaintiffs, who conducted sand and gravel operations in the district, had any legitimate interest in preserving the residential quality of the neighborhood by seeking to inhibit Pitcherville’s similar commercial endeavors. See Marshalian, supra, 421 Mass. at 722. Nor have plaintiffs demonstrated that the alleged harms to their commercial properties in the district were legitimately within the protective purpose of the zoning regulations. See Redstone, supra, at 385. Thus, plaintiffs have failed to establish the special circumstances that would grant them standing to challenge the Board’s decision in the context of a G.L.c. 40A appeal.[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ G.L.c. 40A appeal is DENIED.

 Although the reasons for the denied are not in evidence, the view of the site indicated that the parcel contains substantial wetlands.

 Hubbardston Zoning By-Laws, Article 4.9.

 Judge Donohue’s actions, insofar as they were based on the common summary judgment determination as to whether a genuine issue of material fact existed concerning standing, are not dispositive of the instant inquiry where, after trial, those issues of face have been resolved, albeit adversely to plaintiffs.

 The statute provides, in pertinent part, “Any person aggrieved by a decision of [the] board of appeal, whether or not previously a party to the proceedings . . . may appeal a decision of (the Board). G.L.c. 40A, §17.

 In making this determination, the court must consider only the effect of the proposed use on the neighborhood. For example, plaintiffs argue that, in order to expand its existing operation to the third lot, Pitcherville will have to traverse unlawfully plaintiffs’ land. The court cannot reach such an issue, however, unless it first determines that plaintiffs have standing to challenge the Board’s decision to grant the special permit. Plaintiffs do not enjoy such standing in the circumstances at bar. As noted, Infra, the question of trespass may be addressed in court, but not in the forum of a G.L.c. 40A appeal as to which the plaintiffs lack standing.

 The parties' dispute, to wit, whether Pitcherville had a valid easement over plaintiffs property sufficient to access the third parcel via the alternative access road, is a substantive issue that might more properly be the subject of a trespass action or a complaint for declaratory judgment. It is troubling that a decision of a Town Board may have, albeit inadvertently, given implicit permission for a party to trespass. A zoning appeal is not, however, the proper forum for such an action, especially in circumstances where the alleged trespassee lacks G.L.c. 40A standing.