LEON D. JAFFE & another[1] *vs.* ZONING BOARD OF APPEALS OF NEWTON & others.[2] No. 91-P-183. May 11, 1993. *Zoning,* Appeal, Person aggrieved. *Practice, Civil,* Zoning appeal, Parties, Standing. *Words,* "Person aggrieved."

A Superior Court judge allowed a motion for summary judgment for the plaintiffs on the ground that the defendants, Thomas and Luan White, lacked standing to appeal to the defendant, zoning board of appeals of Newton (board), because they reside in a different zoning district from that in which the plaintiffs' property is located. The plaintiffs brought this action seeking an annulment of the board's decision that certain zoning violations exist on their property located at 22-24 Crosby Road, Newton. That decision had been rendered in response to the petition of the Whites. The following uncontroverted facts are drawn from the record. The premises at 22-24 Crosby Road are located in a multi-residence zoning district in which single and two-family dwellings are permitted. The plaintiffs' property is 480 feet and seven houses distant from the home of the Whites,

[1]Shirley A. Jaffe.
[2]Thomas J. White and Luan White.

which is located in a single residence district. Prior to petitioning the board, the Whites had sought unsuccessfully to obtain enforcement of the zoning ordinance against the plaintiffs, who had leased their two-apartment property to fourteen college students.

The sole issue on appeal is whether the judge erred in ruling that the Whites were not aggrieved persons within the meaning of G. L. c. 40A, § 8, as inserted by St. 1975, c. 808, § 3, which states that "[a]n appeal to the permit granting authority . . . may be taken by any person aggrieved by reason of his inability to obtain . . . enforcement action. . . ." The judge, citing *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491 (1989), concluded that the Whites were not "aggrieved" within the meaning of § 8 because they neither owned nor occupied property in the zoning district in which the plaintiffs' property is located. That decision, however, did not hold that occupancy or ownership within the same zoning district is an absolute prerequisite to standing. In discussing the establishment of standing by a demonstration of a "legitimate interest in preserving the integrity of the district," see *Murray* v. *Board of Appeals of Barnstable*, 22 Mass. App. Ct. 473, 476 (1986), this court indicated that standing grounded on such demonstration is not available to a party who does not own or occupy property in the same zoning district. *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge, supra* at 495. However, standing may also be established by a showing of "a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest." *Id.* at 493. See also *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430 (1949); *Waltham Motor Inn, Inc.* v. *LaCava*, 3 Mass. App. Ct. 210, 214 (1975); *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 18 Mass. App. Ct. 632, 633 (1984). A party need not reside in the same zoning district as the objected to use to suffer a violation of a private right or interest. "[A] proprietor's rights . . . are not necessarily confined to his own zone, and may extend into another restricted zone. . . ." *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston, supra* at 432. See *Reynolds* v. *Board of Appeal of Springfield*, 335 Mass. 464, 470 (1957). *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston* denied standing to a party that objected to the introduction into a more restricted neighboring zone of a business use allowed in the zone in which the party resided. In the instant case the Whites objected to the plaintiffs' use of property in a less restricted zone. *Id.* at 432. See *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 139 n.15 (1992).

In response to the plaintiffs' motion for summary judgment, Thomas White filed an affidavit stating the basis of his complaint as including noise from "boisterous parties virtually every weekend" and the "negative impact of having large numbers of students walking up and down Crosby Road immediately in front of our property . . . and bands of roving stu-

dents at all hours of the night." He further stated, "I also feel our property values are affected adversely. . . ." The plaintiffs question the sufficiency of the claim of diminution of property value and point out that the claim is based solely on White's feelings without a supporting affidavit of a real estate expert. If diminution of value were Thomas White's only complaint, his expression of belief that the property had diminished in value may not have been sufficient to avoid summary judgment. See *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 818 (1991). See also *Hartford Acc. & Indem. Co.* v. *Millis Roofing & Sheet Metal, Inc.*, 11 Mass. App. Ct. 998, 999 (1981). An increase in pedestrian traffic, however, may have an impact on a party's property interest so as to give him standing. *Bedford* v. *Trustees of Boston Univ.*, 25 Mass. App. Ct. 372, 377-378 (1988). White's statement of existing "facts" based on "personal knowledge" transports his affidavit beyond the realm of speculation. Contrast *Barvenik* v. *Aldermen of Newton, supra* at 132-138. Also, his affidavit sufficiently raises the material factual issues whether the use being made of the Jaffe property by the college students more adversely affects his property than would occupancy by two traditional families and whether White's "injury is special and different from the concerns of the rest of the community." *Id.* at 132.

It was error to allow the motion for summary judgment. Our decision does not preclude a later determination that the Whites lack standing based upon evidence controverting that in the record before us or that any proven adverse impact could just as likely have arisen from permitted use of the plaintiffs' property as from the alleged zoning violation. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston, supra* at 430.

The judgment is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Michael D. Baseman*, Assistant City Solicitor, for the defendants.
*Daniel M. Blackmon* for the plaintiffs.