Graham, J.
This is an appeal of a decision of the Waltham Zoning Board of Appeals granting a variance to defendant Ninety-Nine West, Inc. (“Ninety-Nine West”) brought by Robert M. Sainato and Claire Sainato (“Sainato”), the owners of nearby property. Ninety-Nine West has moved to dismiss the complaint, arguing that Sainato is not an “aggrieved person" for the purposes of G.L.c. 40A, §17, and therefore lacks standing to sue. After considering the submissions of both parties, the court DENIES the motion.
BACKGROUND
By a decision dated April 29, 1994, the Waltham Zoning Board of Appeals (“ZBA”) granted defendant Ninety-Nine West a variance from Section 4.231 of the Waltham Zoning Ordinance for a property located at 110 South Street, Waltham, owned by defendants Julia M. Varriale, Elizabeth C. Mitchell, and Adele M. Beggs.[3] Sainato, who owns the property at 64-66 South Street, has appealed the ZBA’s decision pursuant to G.L.c. 40A, §17.
In his amended complaint, Sainato alleges that the ZBA’s decision that the variance could be granted “without substantial detriment to the public good is erroneous” (Complaint, ¶29), that the decision “substantially derogates from” and “nullifies” the “intent and purposes of the [zoning] Ordinances” (Complaint, OT30-31), and that the decision is “arbitrary and capricious” (Complaint, ¶32), “erroneous” (Complaint, ¶33) and “in excess of [the Board’s] authority” (Complaint, ¶34).
Defendant Ninety-Nine West has moved to dismiss the complaint on the grounds that Sainato, whose property lies about 240 feet away from the subject property and is separated from it by three other lots,[4] cannot claim any harm from defendant’s proposed use of the subject property and therefore is not an “aggrieved person” with standing to appeal the Board’s decision (Ninety-Nine West’s Memo at 3). Ninety-Nine West argues that Sainato, who does not live on his South Street property but, rather, uses it as a dental office, has “no interest in maintaining the integrity of the residential district” and that, in any event, South Street is “already a heavily travelled arterial street and the proposed use will not substantially increase traffic along the street in front of the plaintiffs’ property (Ninety-Nine West’s Memo at 3).
In his memorandum in opposition to the dismissal motion, Sainato alleges that his dental practice and rental property at 64-66 South Street will suffer “deleterious effects” if defendant’s establishment is built, specifically, an increase in traffic, illegal parking, *602 noise, and disturbance on South Street, resulting in a diminution of the value of his property and an infringement of his legal and property rights (Sainato’s Memo at 3-4). Furthermore, Sainato asserts he is a “party in interest” entitled to a presumption that he has a protected interest and is “aggrieved” (Sainato’s Memo at 5).
DISCUSSION
In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Co., 411 Mass. 426, 429 (1991) (citations omitted). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it can support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, supra, 378 Mass. at 89. All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
Section 17 of G.L.c. 40A provides that “[a]ny person aggrieved” by a decision of the board of appeals or any special permit granting authority may appeal that decision. Standing as an “aggrieved person” is jurisdictional, and lack of standing may be raised at any point in the litigation. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 n. 6 (1992). The “aggrieved person” must demonstrate that some legal right or rights have been infringed. Cummings v. City Council of Gloucester, 28 Mass.App.Ct. 345, 349 (1990); see also Harvard Square Defense Fund Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491, 493 (1989) (standing may be established by showing of “a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest”). Moreover, he must show that his injury is “special and different from the concerns of the rest of the community.” Barvenik v. Board of Aldermen of Newton, supra, 33 Mass.App.Ct. at 132.
Section 15 of G.L.c. 40A provides that “parties in interest” are entitled to receive notice of hearings on any appeal before the board. Section 11 defines “parties in interest” as “the petitioner, abutters, owners of land directly opposite any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner.” “Parties in interest” are presumed to have standing as “aggrieved persons.” Marotta v. Board of Appeals of Revere, 336 Mass. 199, 203 (1957). “Once a defendant in a §17 appeal challenges the plaintiffs standing and offers evidence to support the challenge,” however, the issue of standing “is to be decided on the basis of the evidence with no benefit to the plaintiff from the presumption.” Barvenik v. Board of Aldermen of Newton, supra, 33 Mass.App.Ct at 131 (emphasis added).
In Barvenik, the defendants — at trial — presented evidence challenging the plaintiffs’ standing. The burden then shifted to the plaintiffs to prove they had standing. Id. at 132. The Barvenik court, noting that no case had “clearly articulated the measure of the plaintiffs’ burden in proving the requisite aggrievement, after the pleading stage,” found nevertheless that the plaintiffs in that case had failed to meet their burden “since the evidence they presented at trial was characterized by speculative opinion and surmise and did not controvert the defendants’ extensive showing that the plaintiffs would suffer no tangible, proximately caused injury.” Id. at n. 8 (emphasis added).
In the instant case, there has not yet been a trial; and, given this procedural posture, defendant Ninety-Nine West has not had occasion to offer evidence in support of its challenge of plaintiff Sainato’s standing as an aggrieved person. Ninety-Nine West has, however, based its motion to dismiss on the argument that plaintiff Sainato has not even alleged any facts that would establish his “aggrieved” standing as he is jurisdictionally required to do.
It is true that, in his complaint, Sainato asserts no more than that the ZBA, derogating from the intent and purposes of the city’s zoning ordinances, erred in deciding that the variance could be granted “without substantial detriment to the public good.” This assertion is insufficient to demonstrate that Sainato’s injury is “special and different from the concerns of the rest of the community.” Barvenik v. Board of Aldermen of Newton, supra, 33 Mass.App.Ct. at 132. Moreover, in neither the complaint nor in his memorandum in opposition to the dismissal motion does Sainato allege facts to support his claim that he qualifies as a “party in interest” entitled to a presumption of standing, as defined in G.L.c. 40A, §11.[5] In the memorandum in opposition to the dismissal motion, however, Sainato does allege that his property will diminish in value and that his legal and property rights will be infringed if defendant’s establishment is built because of the resulting increase in traffic, illegal parking, noise, and disturbance. Accepting as true these factual allegations and drawing any inferences in the plaintiffs favor, Eyal v. Helen Broadcasting Co., supra, 411 Mass. at 429, the court finds that Sainato has made a showing of “a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest.” Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, supra, 27 Mass.App.Ct. at 493. See Jaffe v. Zoning Bd. of Appeals, 34 Mass.App.Ct. 929, 931 (1993) (neighbor’s unsupported “expression of belief’ that his property *603 value would diminish, combined with his statement of existing “facts” based on “personal knowledge,” including increase in pedestrian traffic, sufficient to defeat motion for summary judgment based on challenge of “aggrieved” standing).
Because the court cannot say that it is beyond doubt that plaintiff will be able to prove no set of facts in support of his standing as an aggrieved person, the complaint should not be dismissed. See Nader v. Citron, 372 Mass. 96, 98 (1977).
ORDER
For the reasons discussed above, defendant Ninety-Nine West’s motion to dismiss is DENIED.

 Section 4.231 prohibits the placement of any entrance or exit of sm establishment engaged in the sale of alcoholic beverages within twenty-five feet of a residential district. Ninety-Nine West proposed building a restaurant serving alcoholic beverages on the subject property, which is located at the edge of a commercial district, whose boundaries run along the center-line of the adjacent streets. Because those streets are only forty feet wide, the driveways to the restaurant would lie exactly twenty feet from the neighboring residential district, in violation of the zoning ordinance.

 Sainato does not dispute these facts, te., the location of his property or its distance from the subject properly.

 As noted ante, section 11 defines “parties in interest” as “the petitioner, abutters, owners of land directly opposite any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner.” While the defendant concedes that the Sainato’s property lies within 300 feet of the subject property, there is no indication that SEiinato is an abutter to an abutter.