JOANNE RILEY *vs.* JANCO CENTRAL, INC., & another.[1] No. 94-P-500. July 24, 1995. *Practice, Civil*, Zoning appeal, Standing. *Zoning*, Appeal, Person aggrieved, Variance, Special permit.

The plaintiff appeals from a judgment of the Superior Court affirming the decision of the defendant, the zoning board of appeals of Stoughton, granting a special permit and variances to the defendant, Janco Central, Inc. (Janco). In her appeal from the grant of the special permit, the plaintiff claims that the judge committed error when he concluded, after trial, that Janco was not required to comply with a green belt requirement of the Stoughton zoning by-law and that another judge erred in allowing Janco's motion for summary judgment and dismissing her complaint respecting the grant of variances on the ground of her lack of standing. Janco cross appeals, arguing that its motion for summary judgment based on the plaintiff's lack of standing to contest the grant of the special permit also should have been allowed. We affirm the judgment.

Janco owns an approximately one-acre parcel of land located on the corner of Washington Street and Phillips Avenue in Stoughton. Its land and the abutting parcel to the north along Washington Street which is occupied by a McDonald's restaurant[2] are in an area zoned for general business. The plaintiff's parcel abuts the Janco land to the east and is zoned for residential purposes. Janco seeks to operate a Burger King restaurant

---

[1] The zoning board of appeals of Stoughton.

[2] The owner and operator of the McDonald's restaurant was a party to the original complaint but has not appealed.

on its land and, therefore, petitioned the defendant board for a special permit pursuant to a town by-law which requires such a permit in order to operate a fast food restaurant. In addition to seeking zoning relief from certain by-laws governing signs, Janco also sought variances to construct and pave a parking area four feet from its proposed restaurant building rather than the minimum of five feet required under the by-law. After the grant of the special permit and variances by the defendant board, this action was brought pursuant to G. L. c. 40A, § 17.

1. *Summary judgment on claims contesting the grant of variances.* The motion judge concluded that, "[s]ince [the plaintiff] does not own or occupy property in the same zoning district as Janco, she does not have standing to appeal the variance." We agree with the lack of standing conclusion, but for a different reason. "Status as an 'aggrieved person' is a jurisdictional prerequisite to judicial review of a zoning appeal under G. L. c. 40A, § 17," and abutters have the benefit of a rebuttable presumption of aggrievement. *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. 619, 620-621 (1993), and cases cited. When Janco expressly contested the plaintiff's standing in its motion for summary judgment, the presumption receded, see *Redstone* v. *Board of Appeals of Chelmsford*, 11 Mass. App. Ct. 383, 384-385 (1981), and the burden of proof shifted to the plaintiff who must come forward with specific facts to support the assertion of status as an aggrieved person. See *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561, 566 (1992); *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 132-133 & n.9 (1992).

To the extent that the plaintiff's summary judgment submissions constitute the demonstration of an interest in preserving the integrity of the district in which Janco's land is situated, such demonstration is not available to a party who does not own or occupy property in the same zoning district. *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 495 (1989). *Barvenik* v. *Aldermen of Newton*, *supra* at 139. *Jaffe* v. *Zoning Bd. of Appeals of Newton*, 34 Mass. App. Ct. 929, 930 (1993). However, a party who does not own or occupy property in the same zoning district as the property receiving a variance or special permit may nevertheless establish standing by a showing of "a plausible claim of a definite violation of a private right, property interest, or legal interest." *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, *supra* at 493. *Jaffe* v. *Zoning Bd. of Appeals of Newton*, *supra* at 930. Here, the plaintiff has failed to make such a showing. "Even when positing legitimate zoning-related concerns . . . a plaintiff must nonetheless offer more than conjecture and hypothesis." *Barvenik* v. *Aldermen of Newton*, *supra* at 133. The affidavits submitted by and on behalf of the plaintiff did not address specifically the impact of the signs or the one-foot difference in the paved parking area permitted by the variance. Moreover, the excerpts from the plaintiff's deposition with reference to that differ-

ence[3] are nowhere present in the record prepared by the parties and need not be considered by us. In any event, the plaintiff's complaints as therein reflected cannot be read as more than speculation. Accordingly, the deposition testimony does not meet the requisite test of specificity necessary for establishing a genuine issue of material fact in a zoning context. See *Barvenik* v. *Aldermen of Newton, supra* at 132-133 & n.9.

2. *The special permit.* The Stoughton zoning by-law, in effect, requires compliance with all zoning regulations before a special permit to operate a fast food establishment may be granted. Where, as here, a parcel zoned for business abuts a residential district, the by-law prohibits any building in the business district to be within twenty-five feet of the shared boundary line and requires that within such twenty-five foot set-back "there shall be a green belt no less than 15 feet in width running the distance where the [business] District abuts the [residential] District. . . ." This green belt provision was enacted in 1975, approximately five years after the property now owned by Janco was burdened by a thirty-foot wide easement running the length of the boundary between that property and the property now owned by the plaintiff. That easement was created by a grant to the town of Stoughton by a prior owner of the Janco property and is used by the town highway department as a driveway to a garage where it stores trucks and other equipment. After trial, the judge correctly concluded that the easement is a preexisting use which, in effect, negates any obligation to comply with the subsequently enacted green belt requirement. "[A] zoning . . . by-law shall not apply to . . . uses lawfully in existence or lawfully begun . . . before the first publication of notice of the public hearing [relating to the enactment of such by-law] required by section five. . . ." G. L. c. 40A, § 6, as inserted by St. 1975, c. 808, § 3. The green belt provision of the by-law is a use restriction, see *Stampfl* v. *Zoning Bd. of Appeals of Norwood*, 33 Mass. App. Ct. 354, 356-357 (1992), which, if strictly enforced, would result in a substantial interference with the rights established within the preexisting easement. In view of our affirmance of the judgment on the basis of the inapplicability of the green belt provision, we need not address Janco's argument in its cross appeal that the plaintiff lacked standing to challenge the grant of the special permit.

*Judgment affirmed.*

*Jeffrey M. Winik* for the plaintiff.
*Christopher W. Parker* for Janco Central, Inc.

---

[3]The defendant's brief quotes the plaintiff's deposition testimony as follows: "Well, I think that it probably makes room for two-way traffic and more traffic, more lights going into my bedrooms at night. If my understanding is right, it gives them enough room to have the two-way traffic going through there, which I feel that would bring more lights, you know, more parking lights, just more car lights going into my property and into my bedrooms and into the privacy of my home."