Ball, J.
Plaintiffs Robert and Gemma McKeon (“the McKeons”) filed this appeal pursuant to G.L.c. 40A, §17 seeking reversal of the Leicester Zoning Board of Appeals’ (ZBA) grant of two special permits and a variance to defendant Marañe Oil Company (“Marañe Oil”).[1] Pursuant to Mass.R.Civ.P. 56(c), Marañe Oil has submitted a motion for summary judgment seeking dismissal of the McKeon’s zoning appeal on the grounds that the McKeons lack standing to bring the *586 appeal. After hearing, and for the following reasons, the court now ALLOWS Marañe Oil’s motion for summary judgment.
BACKGROUND
On March 25, 1997, Marañe Oil filed applications with the ZBA in connection with its plans to renovate, upgrade, and expand its gasoline station located at 204 Main Street, Leicester, Massachusetts. Marañe Oil filed three separate applications: (1) An application for a special permit to allow construction of a ‘Texaco” sign; (2) an application for a special permit to allow the construction of a canopy over the pump island at the gas station; and (3) an application for a variance from dimensional requirements so as to allow construction of the canopy and a new pump island. Marañe Oil also plans to convert one of the existing service bays into a snack shop. However, the use of the gas station as a convenience store was not the subj ect of the variance or special permits at issue here.
On May 8, 1997, a public hearing was held before the ZBA regarding the above applications. The ZBA unanimously approved the two special permit applications as well as the request for the variance. The McKeons, as abutters, were timely notified by certified mail of the hearing and they in fact attended the hearing.
The McKeons own the property located at 212-214 Main Street in Leicester, Massachusetts, which abuts Marañe Oil’s gas station.[2] From the early 1970s until August of 1989, the McKeons used their property as a restaurant/nightclub known as the “Alpine.” All licenses which were held in connection with the business have not been in effect since August of 1989. Since that time, the McKeons have not used the property for any purpose and the building has been vacant. I have viewed photographs of the McKeon’s property submitted in conjunction with the motion for summary judgment and I note that the parking lot in front of the building is overgrown with weeds and bushes and the building looks run down and abandoned. Mr. McKeon stated in his deposition that he had recently begun to do renovations on the building such as repairing the roof and making interior repairs and improvements. He also stated that several building code violations were found upon inspection in approximately 1992 and that some of the repairs were quite involved. Mr. McKeon stated at deposition that his present plans for the property are to renovate and make repairs to get it into a salable or rentable condition. He stated that he plans on doing all repairs and renovations himself.
DISCUSSION
A decision of a board of appeals may only be appealed by an aggrieved person. G.L.c. 40A, §§8, 17.[3] See Green v. Board of Appeals of Provincetown, 404 Mass. 571, 572 (1989). Abutters entitled to notice of a hearing before a zoning board of appeals enjoy a rebuttable presumption that they are “persons aggrieved.” Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. 106, 111 (1995). However, “if standing is challenged, the jurisdictional question is decided on ‘all the evidence with no benefit to the plaintiffs from the presumption.’ ” Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996) (quoting Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. at 111). See Riley v. Janeo Central, Inc., 38 Mass.App.Ct. 984 (1995) (when defendant expressly contested the plaintiffs standing in its motion for summary judgment, the presumption receded). Once standing is challenged, the burden of proof shifts to the plaintiff to “come forward with specific facts to support the assertion of status as an aggrieved person.” Id. at 985.
A plaintiff is a “person aggrieved” if he suffers some infringement of his legal rights. Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 430 (1949). To survive summary judgment, a plaintiff must put forth credible evidence to substantiate his allegations of injury to his legal rights. See Marashlian v. Zoning Board of Appeals of Newbury port, 421 Mass. at 723. “A plaintiff must establish — by direct facts and not by speculative personal opinion — that his injury is special and different from the rest of the community.” Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. 129, 132-33 (1992) (“Subjective and unspecified fears about the possible impairment of aesthetics or neighborhood appearance, incompatible architectural styles, the diminishment of close neighborhood feeling, or the loss of open or natural space are all considered insufficient bases for aggrievement under Massachusetts law”). Even where a plaintiff has legitimate zoning-related concerns such as increased traffic and anticipated parking problems, he must offer more than “conjecture and hypothesis.” Id. at 133; Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 335 (1993) (injury must be more than speculative).
A plaintiff must put forth specific evidence to establish a perceptible harm. Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. at 724 (concerns were neither speculative nor too remote where the record showed that both plaintiffs used public street parking to meet their business and personal needs and the trial judge had found that traffic would increase after the proposed hotel construction was completed, if minimally, and that some public parking spaces would be lost). See Bedford v. Trustees of Boston Univ., 25 Mass.App.Ct. 372, 377 (1988) (increase in pedestrian and vehicular traffic may impact plaintiffs property interest and confer standing).
The McKeons claim that as a result of the granting of the two special permits and the variance to Marañe Oil, their property will be injured and encroached upon. Specifically, the McKeons argue that their property will be devalued because the construction of the Texaco sign and a canopy violates the set back laws of *587 Leicester and that the construction of a convenience store will present a parking problem resulting in persons who are visiting the convenience store parking on the McKeon’s property. At oral argument and in his deposition, Mr. McKeon also argued that the construction of the Texaco sign would block the view of his sign and the illumination of the Texaco sign would be “domineering on the whole area.” Mr. McKeon stated that he had a “gut feeling,” based upon his experiences in life, that Marañe Oil’s changes to the gas station would “hurt him bad.”
Mr. McKeon’s concerns about the parking problem which he believes may result from the construction of a convenience store are not relevant to this action. The construction of the convenience store was not the subject of the special permits or the variance at issue here. This court assumes that the convenience store is either a permitted use under the zoning laws of the City of Leicester or it was the subject of a separate variance or special permit not appealed from. Under either circumstance, Mr. McKeon’s speculative concerns that construction of the convenience store will increase the likelihood of persons parking on his property cannot be considered by this court as the parking issue is not a proximate result of the grant of either the special permits or the variance from which the McKeons have appealed. See Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. at 138 (harm must be a proximate result of the project authorized by the special permits and variance being challenged); American Can Co. v. Milk Control Bd., 313 Mass. 156, 160 (1943) (aggrievement is shown by proof that the plaintiff “has suffered an ascertainable property loss as a proximate consequence of the board’s action”).
Therefore, the only concerns that Mr. McKeon has voiced, relative to the approval of the special permits and variance at issue, are that construction of the Texaco sign and canopy would block the view of his sign and that the Texaco sign would be “domineering on the whole area.” However, Mr. McKeon has not presented any specific evidence to show harm or an adverse impact to his property from the construction of either the Texaco sign or the canopy.[4] Marashlian v. Zoning Board of Appeals of Newburyport 421 Mass. at 723; Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. at 132-33.
Mr. McKeon has offered no specific, tangible evidence of the impact on his property of either the Texaco sign or the canopy permitted by the special permits and the variance; Mr. McKeon’s complaints, voiced in his deposition cannot be read as anything more than speculation. Accordingly, his “deposition testimony does not meet the requisite test of specificity necessary for establishing a genuine issue of material fact in a zoning context.” Riley v. Janeo Central, Inc., 38 Mass.App.Ct. at 985-86. See Barvenik v. Aldermen of Newton, 33 Mass.App.Ct. at 132-33 & n.9.[5]
Mr. McKeon’s speculative opinions do not establish a “plausible claim of a definite violation of a private right, property interest, or legal interest sufficient to bring [the McKeons] within the zone of standing.” Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491, 493 (1989). Therefore, summary judgment must be granted for Marañe Oil. See Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997) (summary judgment granted where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law); Mass.R.Civ.P. 56(c).
ORDER
Based on the foregoing, the court ORDERS that defendant Marañe Oil Corporation’s motion for summary judgment is ALLOWED. The Leicester Board of Appeals’ allowance of Marañe Oil’s two special permits and variance is affirmed.

 The McKeons claim that the granting of the two special permits and the variance was “beyond the authority” of the Zoning Board of Appeals and was in “violation of laws."

 Although Gemma McKeon is the record owner of the property, Robert McKeon states that his wife is a nominal party only and has no knowledge of any of the facts surrounding this action.

 The statute states:
Any person aggrieved by a decision of the board of appeals or any special permit ¿"anting authority or by the failure of the board of appeals to take final action concerning any appeal, application or petition within the required time . . . , whether or not previously a party to the proceeding, . . . may appeal. . . G.L.c. 40A, §17.

 Although Mr. McKeon stated in his deposition that he did not have any prospective renters or buyers and that the property was not listed with any real estate brokers and would not even pass an inspection, he nevertheless brought a prospective renter of his property with him to oral argument. This gentleman stated to the court that he was considering renting the property from Mr. McKeon and that the changes to the gas station, if allowed to go forward, may have some impact on his decision to rent the property. Specifically, he stated that the construction of a new Texaco sign may partially block the Alpine sign. However, his statements were not made in an affidavit or under the pains and penalties of perjury and thus should not be considered by the court. Even if I were to consider his statements and take them as true for purposes of summary judgment, he did not offer any specific evidence to substantiate his statements nor did he offer anything more than mere speculation and conjecture and this is not enough to survive summary judgment.

 The court is conscious of the fact that Mr. McKeon feels that his property rights have been infringed upon; it is clear from oral argument that Mr. McKeon has longstanding issues with Marañe Oil. However, no matter how unfair it may seem to the McKeons to allow Marañe Oil to expand and improve their gas station, the McKeons’ legal rights have not been violated and this court must affirm the ZBA’s granting of the two special permits and the variance.