Toomey, J.
The plaintiff, Thomas Bik (“Bik"), filed this complaint pursuant to G.L.c. 40A, §17, seeking relief from the Blackstone Zoning Board of Appeals’ (“Zoning Board”) grant of a variance to defendant, Esther Kurczy (“Kurczy”). Kurczy has now moved for summary judgment on the grounds that Bik lacks standing to bring the appeal. Bik cross-moves for summary judgment on the grounds that he does have standing and asserts that the Zoning Board exceeded its authority in issuing the variance.[2] For the following reasons, the defendant’s motion for summary judgment is ALLOWED, and the plaintiffs cross-motion is DENIED.
BACKGROUND
Bik is an individual residing at 95 Elm Street in the Town of Blackstone, Massachusetts. Kurczy, an individual residing at 91 Elm Street, shares a common lot line with Bik. On May 8, 1996, Kurczy applied for a variance from the area and frontage requirements of the Town of Blackstone’s R-2 Zone. Kurczy sought thereby to create a separate single-family lot on her property in order to allow her to build a single-family home for her daughter. The Zoning Board held a public hearing upon Kurczy’s application. Bik was present at the public hearing and, as an abutter, voiced his opposition to the granting of the variance. The Board voted, four to one, to grant the variance.[3] Bik, contending that the Zoning Board exceeded its authority to grant the variance, now challenges the Zoning Board’s decision.
DISCUSSION
A decision of a board of appeals may only be appealed by an aggrieved person. G.L.c. 40A, §§8, 17. Abutters entitled to notice of a hearing before a zoning board of appeals enjoy a rebuttable presumption that they are “persons aggrieved.” Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass 106, 111 (1995). However, “if standing is challenged, the jurisdictional question is decided on all evidence with no benefit to the plaintiffs from the presumption.” Marashilian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Once standing is challenged, the presumption recedes and the burden of proof shifts to the plaintiff to “come forward with specific facts to support the assertion of status as an aggrieved person.” Riey v. Janco Cent, Inc., 38 Mass.App.Ct. 984, 985 (1995). To survive summary judgment, Bik must offer credible evidence tending to substantiate his claims of violation of his legal rights. See Bell v. Zoning Bd. of Appeals of Gloucester, 429 Mass. 551, 554 (abutter’s failure to offer, either in deposition testimony or in the complaint, evidence of injury to his legal rights, required finding of summary judgment in favor of defendants); See also McKeon v. Todd, Civil Action No. 97-1150B (Worcester Sup. Ct. June 22, 1998) (Ball, J.) [8 Mass. L. Rptr. 585 (August 31, 1998)]; Riley, 38 Mass.App.Ct. at 985-86.
At bar, Bik has failed to provide any evidence that he has “a plausible claim of a definite violation of private right, private property interest, or a private legal interest to challenge the variance at issue.” See Bell, 429 Mass. at 554. Although Bik recites, in his Rule 56 memorandum, potential impacts upon his legal rights and property interests, Bik has produced nothing in the form of admissible evidence. The Rule 56 record before this court is devoid of affidavits or deposition testimony supportive of Bik’s claims of aggrievement.[4] Similarly, Bik’s verified complaint details the alleged shortcomings of the Zoning Board’s omission to make adequate findings as required by law, yet the complaint still lacks the necessary allegations of injury to Bik’s legal rights. Therefore, Bik has failed to demonstrate that he is an “aggrieved person” under G.L.c. 40A, and summary judgment must be granted for the defendants.[5]
*608 ORDER
For the foregoing reasons, it is hereby ORDERED, that the defendant Esther Kurczy’s motion for summary judgment is ALLOWED, and the plaintiff Thomas Bik’s cross-motion for summary judgment is DENIED.

 The cross-motions were previously before this court (Mc-Evoy, J.), but were stayed by her pending compliance with her Order remanding the matter to the Zoning Board for specific findings and reasons supporting the variance as required by G.L.c. 40A, §10. The Zoning Board has now provided its reasons in support of granting the variance. All parties have agreed to proceed with the cross-motions for summary judgment based on the documents submitted to date. Accordingly, Judge McEvoy’s stay order is hereby dissolved.

 The Zoning Board left blank its “Statement of Reason for Action of Board of Appeals." Per previous Order of this court and by agreement of the parties, the Rule 56 record now contains material submitted by the Zoning Board regarding its “specific findings and reasons supporting said variance.” (See fn. 2, supra.)

 This court was provided with the minutes from the Blackstone Zoning Board of Appeals meeting of May 8, 1996. That record includes the Zoning Board's hearing on the Kurczy petition. According to those minutes, the only testimony offered by the plaintiff concerning the impact on legal rights or property interests was' the future impact further development of the Kurczy lot might have on nearby town wells. This evidence is not sufficient to state a legal claim, as the plaintiff “must establish by direct facts and not by speculative personal opinion that his injury is special and different from the concerns of the rest of the community.” See Beil, 429 Mass. at 554.

It is important to note, that although judgment is to enter for the defendant, this court makes no findings as to whether the Zoning Board exceeded its authority or whether its specific findings and reasons supporting the granting of the variance were adequate.