Macdonald, D. Lloyd, J.
This appeal from the West-port Zoning Board of Appeals (the “Board”) presents a single narrow issue. The issue is whether under the Westport Zoning Bylaw (the “Bylaw”) and G.L.c. 40, §6, the Board had legal authority to condition its determination that the defendant Excel Recycling, LLC’s (“Excel’s”) non-conforming use of its property was not substantially more detrimental to the neighborhood than the existing non-conforming use upon Excel’s compliance with certain use restrictions specified in the Board’s order. After hearing and review of the parties’ submissions and analysis of the Bylaw, the Court concludes that the answer is, “No.” Accordingly, the Court ALLOWS the plaintiffs motion for judgment on the pleadings.[1]
Discussion
The pertinent provision of the Bylaw pursuant to which the Board acted is section 4.1.2. It does not contain language that authorizes conditions to be placed on its determination as to the non-conforming use. The absence in 4.1.2 of a reference to conditions contrasts with other sections of the Bylaw where such authority is specifically allowed. For example, in sections 8.5.4 (special permits generally), 9.2.3.3 (telecommunications special permits) and in section 15.1 (planning board site plan approvals) the authority to impose conditions is expressly provided.
Excel in its memorandum in opposition asks the Court to infer such authority as analogous and “akin to the granting of a special permit.” The short answer to this argument is that if the Town wanted to empower the Board to impose conditions on its non-conforming use determinations, it could have explicitly provided for it in the applicable section of the Bylaw or it could simply have made the determination subject to the Bylaw’s special permit procedure. G.L.c. 40A, §9. Special permits are routinely required under the Bylaw for many uses. See the Table of Use Regulations.
This is a situation where the maxim of statutory interpretation traditionally known as “expressio unius est exclusio alterius,” defined in the Black’s Law Dictionary (7th ed. 1999) as “[a] canon of construction holding that to express or include one thing implies the exclusion of the other,” is useful as a guide to decision.[2]
Inherently, a zoning board’s power to condition a determination as to a change of non-conforming use *582 under G.L.c. 40, §6 would be enormously significant to a zoning board. Otherwise, a board would be left with the need to make an up or down decision as to the use’s detrimental effect without qualification. Logically, such a power to impose conditions ought to be recognized only if there is explicit provision for it where, as in Westport, there are other sections of the Bylaw that authorize the exercise of such a power and where the pertinent section of the Bylaw is silent as to its being subject to the Bylaw’s general special permit procedure.
ORDER
The plaintiffs’ motion for judgment on the pleadings is ALLOWED and the defendant Zoning Board of Appeals decision of October 22, 2009 is ANNULLED. The case is remanded to the Board for action consistent with this decision.

In its opposition to the plaintiffs’ motion, Excel also challenged the plaintiffs’ standing as abutters to appeal the ZBA’s decision. “Abutters ... enjoy a rebuttable presumption they are ‘persons aggrieved.’ . . . Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996). The aforementioned presumption is rebuttable, however. The presumption recedes when a defendant challenges the plaintiffs status as an aggrieved person and offers evidence supporting his or her challenge.” Watros v. Greater Lynn Mental Health and Retardation Ass’n, Inc., 421 Mass. 106, 111 (1995) (emphasis in original). Excel has introduced no “evidence” that rebuts the plaintiffs’ presumed standing. Accordingly, there is no occasion to further address the issue, and Excel’s challenge of the plaintiffs’ standing is rejected.

The SJC, however, has cautioned that the maxim has limitations in other settings. See, e.g., Case of Sellers, 452 Mass. 804, 813 (2008).