### LORENZO G. HOWE *vs.* JOSEPH BUTTERFIELD.

It is the duty of an officer, in the execution of a writ of *habere facias possessionem*, to deliver actual and quiet possession of the premises to the party in whose favor the writ is issued; and, for this purpose, to remove from the possession, (using no more force than is necessary,) all persons therein, especially if they claim under the party against whom the judgment is rendered.

An officer, in the execution of a writ of *habere facias possessionem* of a house, may enter the same by breaking a door which is fastened, without making a previous demand of admission, although there are persons then in the house; provided they are there for the purpose of holding possession by force, and of opposing the officer in the execution of his precept, and it does not appear, that he knew, or had any cause to suppose, that any person was in the house.

Where an officer, in the execution of a writ of *habere facias possessionem* of an undivided part of a house, entered into the same, and, by the direction of the owners of the other parts, who were also the assignees of the judgment upon which the writ issued, forcibly removed from the house a person entering without right after the entry of the officer; it was held, that the officer was justified, both by the order of such owners, and by the authority of his writ.

THIS was an action of trespass, for an assault and battery, alleged to have been committed upon the person of the plaintiff, on the 29th of July 1846, in a certain meeting-house in Lowell.

At the trial, in the court of common pleas, before *Wells,* C. J., it appeared in evidence on the part of the plaintiff, that the First Freewill Baptist Church in Lowell, of which the plaintiff was a member and one of the deacons, had

been in actual possession of the house for the last ten years, and that they occupied the same up to the time of the alleged trespass; that the property of the church, being the ordinary furniture of the house as a place of public worship, was then remaining therein as usual; and that up to that time the plaintiff had furnished and occupied a pew in the same.

It was also in evidence, that the plaintiff, at the time of the alleged trespass, being in the meeting-house, was taken by the defendant and put out by force and against his will; but that no more force was used than was necessary to effect the purpose of removing the plaintiff from the house.

On the part of the defendant, it was proved, that on the morning of the 29th of July, 1846, a writ of *habere facias possessionem*, in favor of one Wiggin against the elder and deacons of said church, for one undivided seventy-eighth part of said house, was put into the hands of the defendant, a deputy sheriff, for service; that thereupon the defendant took with him Benjamin F. Butler, Thomas Hopkinson, and Tappan Wentworth, as his friends, and entered the house, (not by the door, which was locked, but) through a store under the house, by breaking through a door that was fastened; that when the defendant entered, there were several persons in the house, members of the church, one of whom was the sexton, claiming to keep possession thereof, and of the property therein; that soon afterwards several other members of the church came in, among whom was the plaintiff; that the defendant ordered the members of the church and their attorneys to leave the house, in order (as he said) that he might take possession by virtue of the writ in his hands.

The attorneys of the church thereupon denied the defendant's right to expel them from the house by virtue of the writ, it being for one seventy-eighth part only, in common and undivided; but expressed their entire assent that he should take possession of one seventy-eighth part, according to the tenor of his precept; and they wholly disclaimed any intention, on their part, to hinder or disturb the officer from executing his precept, by taking and keeping quiet possession

of the one seventy-eighth part in common and undivided; but they protested against being removed from the house.

It further appeared, that the defendant held a consultation with the said Butler, Wentworth and Hopkinson, and that he then by their direction, and in their presence, claimed a right to remove all persons there remaining from the house. not only by virtue of the precept in his hands, of the interest in which they claimed to be the owners, but also upon the ground, that the title to the remaining seventy-seven parts was in Butler, Hopkinson and Wentworth, by virtue of a deed of trust given to them by Jesse Swain and Andrew J. Wiggin, and that as the agent of the said Butler, Hopkinson and Wentworth, and by virtue of the authority of his precept, he ordered the plaintiff and all others present to leave the house, and, upon the plaintiff's refusing to go, claiming a right to remain, the defendant removed him as before stated. The trust deed, alluded to, was not read, nor was any request made to have it produced or read; but it was conceded, for the purposes of the trial, that it was a valid deed, giving to the grantees such a title as it purported to convey, and that the grantors therein had a good title.

Considerable evidence was also introduced upon the question whether any other notice of their title, than as above stated, had ever been given by the trustees to the members of the church. The presiding judge ruled that the recording of the deed, and the notice given by the defendant of the trustees' claim under the same, constituted sufficient notice of their title to those members who were then in the house.

It appeared, also, that the said Butler, Hopkinson and Wentworth were the assignees of the judgment on which the writ of possession was issued, and that one of them was the attorney of the judgment creditor.

The presiding judge instructed the jury, that if they believed the facts as above stated, they should find for the defendant. Whereupon the jury returned a verd'ct for the defendant, and the plaintiff excepted.

*R. B. Caverly,* for the plaintiff.

*B. F. Butler,* for the defendant.

WILDE, J.   This was an action of trespass for an assault and battery, and for expelling the plaintiff forcibly from a house used by the elder and deacons and members of the First Freewill Baptist Church in the city of Lowell.   The defendant justifies as a deputy sheriff, by virtue of a writ of *habere facias possessionem* against the elder and deacons on a judgment for one seventy-eighth part, in common and undivided, of the said house.   And we are of opinion, upon the facts reported, that the proceedings of the defendant are fully justified, and that the ruling of the presiding judge was correct.

The defendant had authority to enter the house, as he did, by breaking open a door which was fastened.   Bac. Ab. Trespass, F. 2; *Semayne's Case,* 5 Co. 91.   It does not appear, it is true, by the evidence, that any demand was first made to have the door opened; but it does not appear that the defendant knew, or had any cause to suppose, that any person was in the house before he entered.   After his entry, he found several persons there; but it appears clearly, that they were there for the purpose of holding possession by force, and to oppose the defendant in the execution of his precept.   A demand, therefore, upon them to open the door would have been useless; and the plaintiff was not there until after the defendant's entry; and if he had been, there can be no doubt that he would have acted in concert with the persons who were there.   Under these circumstances, we are of opinion, that the defendant's entry to execute his precept was lawful without any previous demand.

The remaining and principal question is, whether the defendant was justified by his writ in removing the plaintiff from the house by force and against his will; and we are of opinion that he was.   The defendant was authorized and bound by his writ, to deliver actual and quiet possession of the house to the party in whose favor the writ issued, and for that purpose to remove from the possession all persons therein, and especially those claiming under the party against whom judgment had been recovered.   Bac. Ab. Eject. G. 2. n *Upton* v. *Wells,* 1 Leon. 145, it was held, that if a sheriff

26 *

turns out all persons he can find in the house, and gives the plaintiff, as he thinks, quiet possession, and after the sheriff is gone, there appear to be some persons lurking in the house, this is no good execution; and therefore the plaintiff shall have a new *habere facias possessionem.* It appeared, in that case, that the persons secreted in the house, immediately after the sheriff's departure, expelled the plaintiff; upon notice of which he returned to the house to put the plaintiff in full possession, but he was so resisted by them, that, without peril to his life, he could not do it.

It has been doubted, whether there was not a full execution of the writ, in that case, before the expulsion of the plaintiff, because the persons in the house were secreted, and the plaintiff had quiet possession until after the departure of the sheriff; but it cannot be doubted, that if the sheriff had known that the persons were in the house, and especially if they had opposed the delivery of possession to the plaintiff, he would have been authorized to remove them; and it would have been his duty so to do. Bac. Ab. Eject. G. 2.

Indeed, the general rule of law in this respect is quite clear, and is not controverted by the plaintiff's counsel; but they contend that this is not a case within the general rule, because the writ of possession was only for one seventy-eighth part of the premises; and that the elder and deacons of the church, of which the plaintiff was a member, had a right of possession of the other seventy-seven shares, and to hold them in common with the plaintiff. But it appears, by the facts reported, that they had no such right; the title to the whole estate having been acquired by the assignees of the judgment on which the writ of possession issued. The plaintiff had no title, but was a mere intruder, who entered the premises without right after the entry of the defendant, who had a right to expel him by the order of the owners of the seventy-seven shares, as well as by the authority of his writ. No more force was used than was necessary to effect the expulsion, and which would support a plea of *molliter manus imposuit* It was contended, that the elder and deacons of the church were tenants in possession, and were entitled to a

previous notice to quit; but there is no evidence to prove that they were ever tenants under the party who recovered judgment against them, or under the assignees of the judgment, or under any one from whom they derived their title. It is clear therefore that the elder and deacons were entitled to no notice to quit, previous to the defendant's entry under his writ. *Exceptions overruled.*