Fahey, Elizabeth M., J.
Plaintiffs, Oscar and Kath-lyn Brookins (the “Brookinses”), filed this action, pursuant to G.L.c. 40A, §17, against defendants, Boston Redevelopment Authority,[3] Boston Society of Redemptorist Fathers, Inc. (“Boston Society”),[4] Pontiac Street Associates, LLC (“Pontiac”),[5] and Boston Board of Zoning Appeals (“Zoning Board”), challenging the validity of the Zoning Board’s decision to grant variances on the properties being developed on Cherokee, Alleghany, and Pontiac Streets in the Mission Hill area of Boston (the “Project”). This matter is before the Court on the parties’ cross motions. For the following reasons, the Brookinses’ motion for summary judgment is ALLOWED and the only remaining defendant, Zoning Board’s cross motion for dismissal is DENIED.
BACKGROUND
The undisputed material facts, as revealed by the summary judgment record, are as follows.
In 2001, Pontiac proposed the development of one three-family dwelling and nine two-family dwellings on ten vacant parcels of land located in the Mission Hill area of Boston. In 2001, City of Boston Mayor Thomas Menino appointed the Mission Hill Citizens Advisory Committee (“MHCAC”) to review Pontiac’s proposed plans. The Project plans, as approved by MHCAC through the community review process, required zoning relief in the form of forty-seven variances. On October 26, 2004, the Boston Redevelopment Authority Board voted to recommend that the Zoning Board grant the requested variances, and on November 30, 2004, the variances were granted. The Brookinses, abutters to abutters to the Project, timely filed an appeal on February 22, 2005 against defendants.
On April 5, 2005, the Boston Society moved to dismiss, which the Court granted on May 4, 2005 (Murtagh, J.). On June 14, 2005, the Redevelopment Board moved to dismiss. The Court (Murtagh, J.) allowed the motion.
On December 28,2005, Pontiac moved for an order, pursuant to 1956 Mass. Acts c. 665, §11, compelling the Brookinses to post a surety bond. On May 5, 2006, the Court (Holtz, J.) ordered the Brookinses to post a bond in the amount of $25,000. On June 28, 2006, Pontiac moved to dismiss because the Brookinses failed to post the bond. On September 25, 2006, the motion was allowed (Tuttman, J.). The Brookinses then filed a notice of appeal.
In February 2008, Pontiac moved to dismiss the appeal for failure to prosecute. The Court (Spurlock, J.) allowed the motion in November 2008. The Brookinses filed a notice of appeal on that decision and served upon the Zoning Board a motion for relief from judgment[6] as well as a motion for summary judgment.
DISCUSSION I. Standard of Review
Summary judgment shall be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass. at 17. An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(c). When reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, drawing all permissible inferences in his or her favor. Douillard v. LMR, Inc., 433 Mass. 162, 163 (2001).
II. Analysis
A. Standing
The Boston Zoning Enabling Act, St. 1956, c. 665, §11 (“Boston Zoning Act”), authorizes any “person aggrieved” by an action of the Zoning Board to challenge it by an action in the Superior Court. The rules governing standing are the same under the Boston Zoning Act as they are under the Massachusetts Zoning Act, G.L.c. 40. See Sherrill House, Inc. v. Board of Appeal of Boston, 19 Mass.App.Ct. 274, 275 (1985).
Under c. 40a, §17, a person has standing if he or she is a “person aggrieved” by certain zoning decisions. A plaintiff is considered a “person aggrieved” if it asserts “a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest.” Harvard Sq. Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass.App.Ct. 491, 492-93 (1989). The harm the plaintiff alleges must be within the scope and concern of the zoning regulation. Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 27-28 (2006). The injuiy to these rights must also be special and different from the concerns of the rest of the community. See Planning Bd. of Hingham v. Hingham Campus, LLC, 438 Mass. 364, 369 (2003). Although the injuiy must be more than speculative, “the term ‘person aggrieved’ should not be *125 read narrowly.” Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996).
Abutters to an abutter are rebuttably presumed to be “persons aggrieved.” Choate v. Zoning Bd. of Appeals, 67 Mass.App.Ct. 376, 381 (2006). “(A]n abutter is presumed to have standing until the defendant comes forward with evidence to contradict that presumption.” Standerwick, 447 Mass. at 34-35. Once the presumption is rebutted, the burden rests with the plaintiff to “put forth credible evidence to substantiate his allegations.” Marashlian, 421 Mass. at 721. “Evidence is ‘credible’ if it provides specific factual support for each of the claims of particularized injury the plaintiff has made . . . [and is] of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board’s action.” Central St. v. Zoning Bd. of App. of Hudson, 69 Mass.App.Ct. 487, 492 (2007). The court, then, must decide the jurisdictional issue “on all the evidence with no benefit to the plaintiffs from the presumption.” Standerwick, 447 Mass. at 33.
As abutters to abutters of the Project, the Brookinses are presumed to be persons aggrieved. See Choate, 67 Mass.App.Ct. at 381. However, the defendants in their deposition testimony, successfully rebutted the presumption of standing by showing that at least some of the Brookinses’ concerns were either speculative or neither special nor different from those of the rest of the community. See Cohen v. Zoning Bd. of Appeals of Plymouth, 35 Mass.App.Ct. 619, 622 (1993). The Brookinses claim that the Project will adversely impact the character of the neighborhood; increase traffic and noise; cause a diminution in the value of their property; and raise population density of the immediate area.
This Court finds that the Brookinses’ concern relating to the character of the neighborhood lacks specific factual support. “Subjective and unspecified fears about the possible impairment of aesthetics or neighborhood appearance, incompatible architectural styles, the diminishment of close neighborhood feeling, or the loss of open or natural space are all considered insufficient bases for aggrievement under Massachusetts law.” Barvenik v. Bd. of Aldermen of Newton, 33 Mass.App.Ct. 129, 132-33 (1992). Therefore, the Brookinses’ claim that they want to preserve the character of the neighborhood fails to confer standing.
Similarly, the Brookinses’ concern regarding increased traffic as a result of the Project is speculative. Increased traffic and noise are concerns within the scope of the zoning laws. Marashlian, 421 Mass. at 723. Here, the Brookinses have failed to submit any specific facts or credible evidence to demonstrate that they in particular, in contrast to the community in general, will be harmed by increased traffic. Instead, they relied on speculative opinion that the Project will increase traffic in the area.
Furthermore, the Brookinses allege that their property values would be harmed by the Project. Diminution of real estate values may be a tangible and particularized interest, and therefore a valid basis to a claim of standing. Sheppard v. Zoning Bd. of Appeal of Boston, 74 Mass.App.Ct. 8, 9 (2009). Where the Brookinses claim diminution of value, they must establish that diminution with credible evidence and competent expert testimony. Id. at 8. Deposition testimony by plaintiff Oscar Brookins was the only evidence offered to support the allegations. Brookins testified that “the increased number of units will presumably diminish the number of potential clients one might have to rent one’s property to" (emphasis added). Such statements were personal opinions and unsubstantiated. They did not submit any expert testimony, market analysis or evaluation of comparable sales data. Because the Brookinses failed to credibly demonstrate that their property values would be harmed by the Project, their alleged harm is also inadequate to provide them with standing. Since the defendants adequately rebutted the Brookinses’ standing as to these alleged harms and the Brookinses have failed to put forth any credible evidence substantiating these allegations, standing on these grounds cannot be maintained.
Nevertheless, the Brookinses need only show injury to a single protected interest particular to them to maintain standing. See Standerwick, 64 Mass.App.Ct. at 345 n. 16 (declining to address all standing grounds asserted by the plaintiffs because at least one was sufficient to confer standing). Among the interests protected by the Boston Zoning Code (“Code”) are the prevention of overcrowding of land, the conservation of the value of land and buildings and the undue concentration of population. See Boston Zoning Code, Art. 59, §1-2. In particular, the Code states, “the goals and objectives of this Article and the Mission Hill Area are to provide adequate density controls that protect residential areas and direct growth to areas where it can be accommodated.” See Code, Art. 59, §1. This Court finds the Brookinses’ allegations of increased density and noise sufficient to confer standing because the defendants did not sufficiently rebut the allegations as to these harms. The Brookinses testified that the Project providing for one three-family dwelling and nine two-family dwellings on ten vacant parcels of land will increase the number of people and level of noise affecting them. See Bertrand v. Bd. of Appeals, 58 Mass.App.Ct. 912 (2003) (concluding that concerns about increased noise that would result from the construction of two single-family homes behind the plaintiffs’ homes were sufficient for standing). It is a matter of common sense that ten additional buildings providing housing for 21 families will draw a number of people into the area, which will increase the level of noise and population density. Accordingly, this Court finds the harms concerning population density and *126 noise alleged by the Brookinses are adequate to grant them standing in this action.
B. 2006 Court Dismissal Against Defendant Pontiac
The Zoning Board contends the Court’s 2006 dismissal of the Brookinses’ case against Pontiac for failure to post a surety bond operates as a dismissal against all remaining defendants, including the Zoning Board. This Court finds the Zoning Board’s argument unpersuasive.
The 2006 dismissal for failure to post a surety bond[7] was personal to Pontiac. In allowing Pontiac’s request for a surety bond, the Court considered the merits of the Brookinses’ claim, the extent of the Brookinses’ resources and the extent of the possible harm to Pontiac. The Court specifically ordered the dismissal of the Brookinses’ claims against Pontiac. Although the Zoning Board was then a party to the action, it did not then request to be dismissed from the action. Therefore, the 2006 dismissal against Pontiac does not preclude the Brookinses from pursuing its claim against the Zoning Board.
C. The Merits of the Variances
In reviewing a zoning board’s decision, the Court is required to hear the matter de novo and make findings of fact independent of any findings of the board. Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972). The decision of the board has no evidentiary weight on appeal, and the Court determines the validity of the decision based on the facts found by the Court. Needham Pastoral Counseling Ctr., Inc. v. Board of Appeals of Needham, 29 Mass.App.Ct. 31, 32 (1990). The Court “may uphold the variance only if it can be expressly found that the statutory prerequisites have been met.” Josephs, 362 Mass. at 292. “(T]he burden rests upon the person seeking a variance and the boards ordering a variance to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that the variance is justified.” Dion v. Board of Appeals of Waltham, 344 Mass. 547, 555-56 (1962).
The decision of the board cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary. Lobbiser Bldg. Corp. v. Planning Bd. of Bellingham, 454 Mass. 123, 126 (2009). A decision is based on a “legally tenable ground” if it rests on a “standard, criterion, or consideration not permitted by the applicable statutes or by-laws.” Sedell v. Zoning Bd. of Appeals of Carver, 74 Mass.App.Ct. 450, 453 (2009).
The Brookinses allege that the Zoning Board improperly granted forty-seven zoning variances to defendant Pontiac because the Zoning Board did not comply with the statutory prerequisites pursuant to the Boston Zoning Act. St. 1956, c. 665, §11. Specifically, the Brookinses argue that the Zoning Board substituted “community input process” in its decision to grant the variances. After review of the summary judgment record, this Court finds a genuine issue of material fact as to whether the Zoning Board complied with all the statutory prerequisites in granting all forty-seven variances.
Under the Boston Zoning Code,[8] the Zoning Board is required to “grant a variance only if it finds that all of the following conditions are met.” Code, Art. 7, §7-3. The required conditions include,
(a) That there are special circumstances or conditions, fully described in the findings, applying to the land or structure for which the variance is sought (such as, but not limited to, the exceptional narrowness, shallowness, or shape of the lot, or exceptional topographical conditions thereof) which circumstances or conditions are peculiar to such land or structure but not the neighborhood, and that said circumstances or conditions are such that the application of the provisions of this code would deprive the appellant of the reasonable use of such land or structure;
(b) That, for reasons of practical difficulty and demonstrable and substantial hardship fully described in the findings, the granting of the variance is necessary for the reasonable use of the land or structure and that the variance as granted by the Board is the minimum variance that will accomplish this purpose;
(c) That the granting of the variance will be in harmony with the general purpose and intent of this code, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare; and
(d) That, if the variance is for a Development Impact Project, as defined in Section 80B-7, the applicant shall have complied with the Development Impact Project Exaction Requirements set forth in Section 80B-7.3, except if such variance is for a deviation from said requirements.
Id. Because the requirements for the grant of a variance are conjunctive, not disjunctive, a failure to establish any one of them is fatal. See Blackman v. Board of Appeals of Barnstable, 334 Mass. 446, 450 (1956).
In this case, the Zoning Board issued forty-seven variances relating to lots on 34, 25-27, & 39-41 Cherokee Street, 82-84, 62-64, & 66-68 Alleghany Street and 26, 30-32, 34-36 & 38-40 Pontiac Street in the Mission Hill Zoning District of Boston. The summary judgment record shows at least genuine issues of material fact as to whether the Zoning Board’s decision included reasoning on its granting of variances for 62-64 Alleghany Street as well as its justification for the granting of all forly-seven variances. Because all forty-seven variances granted by the Zoning Board must be justified by specific findings, a genuine issue of material fact exists as to whether each of the forty-seven variances complied with the statutory pre *127 requisites of the Boston Zoning Act. St. 1956, c. 665, §11. Therefore, this Court is required to hear the matter de novo and make findings of fact to determine the validity of Zoning Board decisions.[9]
ORDER
For the above-mentioned reasons, it is hereby ORDERED that the Brookinses’ motion for summary judgment is ALLOWED and the Zoning Board’s cross motion for dismissal is DENIED. This matter is scheduled for a final pretrial conference on January 27, 2011 at 2:00 p.m. at which a trial date will be selected. All parties or counsel are to attend with knowledge of their and their witnesses’ schedules so that a firm jury-waived trial date can be set.

Boston Redevelopment Authority moved to dismiss on June 14, 2004, and the motion was granted on June 21,2005 (Murtagh, J.).

Boston Society moved to dismiss on April 5, 2005, and the motion was granted on May 4, 2005 (Murtagh, J.).

Pontiac moved to dismiss on June 28, 2006, and the motion was granted on September 25, 2006 (Tuttman, J.).

In light of the Appeals Court’s decision in May 2010 of Order of Dismissal on the Appeal, no action is necessary on Plaintiffs’ Motion for Relief from Judgment.

Whether a surety bond was even appropriate is questionable given Borne v. Haverhill Golf Club, 58 Mass. 306, 326 (2003).

This Court takes judicial notice of the Boston Zoning Code at the time the variances were issued on November 30, 2004.

Where the validity of the Zoning Board variances remains undecided, any execution of the variances by Pontiac is done at its own peril.